**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

---

| | |
|---|---|
| OPERATING ENGINEERS LOCAL #234 HEALTH AND WELFARE FUND, by its Trustees, OPERATING ENGINEERS LOCAL #234 APPRENTICESHIP FUND, by its Trustees, and CENTRAL PENSION FUND OF INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, by its Chief Executive Officer, | Civil No. 4:21-cv-143 |
| Plaintiffs, | |
| vs. | **COMPLAINT FOR MONEY DUE** |
| CALACCI CONSTRUCTION CO., INC., | |
| Defendant. | |

---

**COME NOW THE PLAINTIFFS**, the separate and individual Board of Trustees of Operating Engineers Local #234 Health and Welfare Fund ("Health and Welfare Fund"), Operating Engineers Local #234 Apprenticeship Fund ("Apprenticeship Fund"), and the Chief Executive Officer of the Central Pension Fund ("Central Pension Fund") of the International Union of Operating Engineers and Participating Employers (collectively, the "Funds"), by their attorney, and for their claim for relief against Defendant, Calacci Construction Co., Inc. ("Calacci") state:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this action under Section 502 of the Employee Retirement Income Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132(a)(3), and under

1

Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a). This is an action to collect fringe benefit contributions owed by the Defendant to the Plaintiff Funds. Plaintiffs seek payment of the unpaid contributions, interest thereon, liquidated damages as provided by law, and attorneys' fees and costs of this action, an order allowing Plaintiffs' representative to immediately audit the financial books and records of Defendant to determine the amount of contributions owed to the Funds, and such other relief as the Court deems appropriate pursuant to Sections 502(g)(2)(A-E) and 515 of ERISA, 29 U.S.C. Section 1132(g)(2)(A-E), 1145.

## PARTIES

2. Plaintiffs are jointly-trusteed (equal number of employer and union trustees) trust funds created and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and are "multiemployer plans" as defined in Section 3(37) of ERISA, 29 U.S.C §1002(37). The Health and Welfare Fund and Apprenticeship Fund are administered in Des Moines, Iowa. The Central Pension Fund is administered at 4115 Chesapeake Street, N.W., Washington, D.C.

3. Each of the Funds is established and maintained pursuant to an Agreement and Declaration of Trust. The Funds provide benefits to employees performing work covered by collective bargaining agreements negotiated by the International Union of Operating Engineers Local Union #234, Des Moines, Iowa ("Local #234"). The collective bargaining agreements require that contributions be made to the Funds at rates set forth in the collective bargaining agreements for each hour worked by employees covered by the collective bargaining agreements.

4. The Plaintiffs are "fiduciaries" with respect to the Funds, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and are empowered to bring this action pursuant to Section 502(a) and 502(g)(2) of ERISA, 29 U.S.C. §1132(a) and §1132(g)(2).

5. Defendant Calacci is an Iowa corporation with its principal place of business in Iowa City, Iowa. Defendant transacts business in the State of Iowa as an employer in an industry or activity in commerce as defined in §§ 501(1), (3), and 2(2) of LMRA, 29 U.S.C. §142(1), (3), and 152(2); §3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §1002(5), (9), (11), (12) and (14); and § 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001(a).

## COUNT I

6. On February 1, 2018, Defendant Calacci, through the Heavy Highway Contractor's Association, executed a Collective Bargaining Agreement with the International Union of Operating Engineers Local #234, effective from December 1, 2017 to November 30, 2020, and thereafter unless terminated by written notice in accordance with the requirements set forth in the Agreement.

7. Pursuant to the Agreement, Defendant agreed to pay on behalf of its employees to the Funds certain sums of money, at rates established by the Agreement, for each hour worked by employees of Defendant who are covered by the Agreement. Defendant also agreed to submit monthly Fringe Benefit Fund Report forms, from which the amount due the Funds could be determined, and to pay the amount due, after the last pay period of each month, and in any event, no later than the 20th day of each subsequent month.

8. Defendant employed certain employees covered by the Agreements during the period of December 2019 through January 2021, and thereafter, and continues to employ such individuals.

9. Defendant submitted monthly reporting forms for the months of December 2019 through February 2020, July 2020 through October 2020, and January 2021, but failed to submit the contributions for those months.

10. Defendant is sixty (60) days or more delinquent in making timely payment of contributions.

11. Notice of delinquent fringe benefit contributions has been sent to Defendant via mail and registered email, in which payment was demanded.

12. Plaintiff delivered a copy of the notice of delinquent fringe benefit contribution to the Heavy Highway Contractors Association of Iowa.

13. More than five (5) days has elapsed from the date of the delivery of the notice of delinquent fringe benefit contributions and this filing.

14. Pursuant to Article XI of the Agreement, Plaintiff is authorized to take economic action against Defendant if the following conditions are met:

    (a) If the Contractor fails to make timely payment of fringe benefits and is sixty (60) days or more delinquent.
    (b) Notice is sent (by certified mail, return receipt requested) to the Contractor of intent to take economic action. A copy should be sent to the Association.
    (c) Five (5) days elapses from the date of mailing before the action is taken.

15. Pursuant to 11 U.S.C. §1132(g)(2), upon judgment in favor of the Plaintiffs in this action by the Funds' fiduciaries to enforce payment of contribution due the Funds in compliance with the Collecting Bargaining Agreement and Agreements and Declarations of Trust, the fiduciaries shall receive judgment for:

    a. The unpaid contributions due to the Funds:
    b. Interest on the unpaid contributions;
    c. An amount equal to the greater of:
        i. Interest on the unpaid contributions; or,

    ii. Liquidated damages provided for under the Plan in an amount not in excess of twenty percent (20%) (or such higher percentage as may be permitted under Federal or State law of the amount determined to be delinquent);

  d. Reasonable attorneys' fees and costs of this action; and,
  e. Other legal or equitable relief as appropriate.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant for unpaid contributions due to the Funds, interest and liquidated damages on the unpaid contributions, for an order allowing Plaintiffs' representative to immediately audit the financial books and records of Defendant, for attorney's fees and costs, and for such further relief as the Court deems appropriate.

/s/ Bryan P. O'Neill
Bryan P. O'Neill, AT0011024
OF
DICKINSON, MACKAMAN, TYLER & HAGEN, P.C.
699 Walnut Street, Suite 1600
Des Moines, Iowa  50309-3986
Telephone:  (515) 244-2600
Facsimile:  (515) 246-4550
boneill@dickinsonlaw.com

ATTORNEY FOR PLAINTIFFS