IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| OPERATING ENGINEERS LOCAL #234 HEALTH AND WELFARE FUND, by its Trustees; OPERATING ENGINEERS LOCAL #234 APPRENTICESHIP FUND, by its Trustees; and CENTRAL PENSION FUND OF INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, by its Chief Executive Officer , <br><br>       Plaintiffs, <br><br>v. <br><br>CALACCI CONSTRUCTION CO., INC., <br><br>       Defendant. | No. 4:21-cv-00143-RGE-SHL <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

Plaintiffs Operating Engineers Local #234 Health and Welfare Fund, Operating Engineers Local #234 Apprenticeship Fund, and Central Pension Fund of International Union of Operating Engineers and Participating Employers move for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 6. The record reflects Plaintiffs filed this action on May 14, 2021, ECF No. 1, and Defendant Calacci Construction Co., Inc. was served on May 26, 2021. Aff. of Serv., ECF No. 3. Calacci Construction has failed to answer or otherwise respond to Plaintiffs' Complaint within the 21 days of service of process. On June 25, 2021, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a). Clerk's Entry Default, ECF No. 5.

The Court has reviewed the motion for default judgment and all supplemental and supporting documentation. Based on the admitted factual allegations in the Complaint, the Court concludes there is a sufficient basis for determining Calacci Construction's liability and assessing damages. *See* ECF No. 1. The Court grants Plaintiffs' motion for default judgment.

"It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12

(1944). The district court has an obligation to ensure there is a legitimate basis for any award of damages it enters. *Am. Red Cross v. Cmty. Blood Ctr.*, 257 F.3d 859, 864 (8th Cir. 2001). "When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." *Id.* (cleaned up). Once the amount of damages has been established, the Court may enter judgment pursuant to Federal Rule of Civil Procedure 55(b)(2)(B).

The amount of damages for the claims is adequately supported by the record. The Court grants damages as follows:

| | |
|---|---|
| Principal Contribution | $65,756.92 |
| Interest | $3,275.63 |
| Liquidated Damages | $9,869.90 |
| Costs | $457.00 |
| Attorney Fees | $5,259.00 |

**IT IS ORDERED** that Plaintiffs Operating Engineers Local #234 Health and Welfare Fund, Operating Engineers Local #234 Apprenticeship Fund, and Central Pension Fund of International Union of Operating Engineers and Participating Employers' Motion for Judgment by Default by the Court, ECF No. 6, is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court assesses damages as follows:

| | |
|---|---|
| Principal Contribution | $65,756.92 |
| Interest | $3,275.63 |
| Liquidated Damages | $9,869.90 |
| Costs | $457.00 |
| Attorney Fees | $5,259.00 |

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter default judgment in favor of Plaintiffs Operating Engineers Local #234 Health and Welfare Fund, Operating Engineers Local #234

Apprenticeship Fund, and Central Pension Fund of International Union of Operating Engineers and Participating Employers and against Defendant Calacci Construction Co., Inc consistent with this Order.

**IT IS SO ORDERED.**

Dated this 14th day of October, 2021.

_____
REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE